**SHIELDS PETITTI, PLC**
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: burr@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com

**James Burr Shields - 011711**
**Paige C. Pataky - 029951**

Attorneys for Plaintiff Ruben Gutierrez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Gutierrez,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Ahern Rentals, Inc., a Nevada corporation,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Ruben Gutierrez, for his Complaint against Ahern Rentals, Inc. ("Ahern" or "Defendant"), alleges as follows:

## PARTIES JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Maricopa County, Arizona.

2. Defendant/Ahern regularly conducts business in Maricopa County, Arizona. Defendant/Ahern employed Plaintiff between September 2016 through November 19, 2019. Between March 2017 through June 2019, Defendant/Ahern employed Plaintiff in the capacity of a dispatcher and paid him at all times on an hourly basis.

3. At all times relevant, Plaintiff was an "employee" of Defendant/Ahern within the meaning of 29 U.S.C. § 203(e)(1).

4. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

5. Defendant caused the events and actions complained of herein to occur in Maricopa County, Arizona, which is a county within this Court's jurisdiction.

6. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. as a result of Defendant/Ahern's failure to pay Plaintiff overtime compensation for all hours worked over 40 during work weeks in which Plaintiff worked over 40 hours.

7. At all times material, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

8. Defendant had and has annual gross revenue of at least $500,000.

9. This Court possesses jurisdiction under 28 U.S.C. § 1331.

10. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) as the events which give rise to this Complaint occurred in this District.

## JURY DEMAND

11. Plaintiff requests a trial by jury.

## FACTUAL BASIS FOR FLSA CLAIM

12. Defendant/Ahern rents and sells heavy construction equipment.

13. Again, between March 2017 and June 2019, Defendant/Ahern employed Plaintiff in the capacity of a dispatcher and at all times paid him on an hourly basis.

14. Between March 2017 and October 2018, Plaintiff's regular rate of pay was $24 per hour. Between October 2018 through June 2019, Plaintiff's regular rate of pay was $25 per hour.

15. As an hourly employee, Plaintiff was unquestionably entitled to receive payment at the rate of 1.5 times the amount of all hours he worked in excess of 40 during a work week under the FLSA.

16. Each working day, Plaintiff "logged in" and "logged out" of his computer at his workstation. Only for periods of time during which Plaintiff was "logged in," did Defendant/Ahern pay him at the rate of 1.5 times the amount of hours he worked over 40 during a work week.

17. Plaintiff worked additional hours when "logged out" of his computer. For those hours, Plaintiff was not paid overtime. For example, when Plaintiff was pressured by Defendant/Ahern to reduce his overtime hours, he would "log out" of his computer yet continue to work at his workstation.

18. Further, during the time period in which Defendant/Ahern employed Plaintiff as a dispatcher, Plaintiff was responsible for fielding inquiries from drivers who worked on the a.m. shift, 1:00 a.m. to noon, and on the p.m. shift, 1:00 p.m. to midnight. Plaintiff fielded calls from Defendant/Ahern's drivers during all periods of time during these shifts, including when he was "logged out."

19. During the period of time in which Plaintiff was a dispatcher and working more overtime hours for which he was compensated, Plaintiff complained to Branch Manager, AJ White, and Office Manager, Jeff Hellem, that he was unable to sleep because of the fact that he was required to receive calls from drivers and address their concerns, constantly, during the evening, nighttime and early morning hours.

20. At all times in which Plaintiff was working hours in addition to 40 during work weeks for which he was not paid, Defendant/Ahern knew or should have known that he was working said hours. Thus, for all hours Plaintiff worked for which he was not paid overtime, Defendant/Ahern suffered and/or permitted Plaintiff to work said hours within the meaning of 29 U.S.C. § 203(g).

21. Defendant/Ahern's failure to pay Plaintiff in accordance with the FLSA was willful and without justification or authorization.

## COUNT I – Violation of FLSA

22. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

23. Section §207 of the FLSA provides in relevant part:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in

3

excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

24. Section 216(b) of the FLSA provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

25. Plaintiff was entitled to be paid one and one-half times his regular hourly rate of pay for each and every hour worked in excess of 40 hours per workweek.

26. In the course of his employment with Defendant/Ahern during the above-referenced time period, Plaintiff worked the hours required of him, in excess of the overtime hours for which he was paid.

27. The pay practices of Defendant/Ahern, as described in the above paragraphs, violated the FLSA.

28. Plaintiff has been harmed and suffered damages by being denied his wages and overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

29. The precise amount of Plaintiff's unpaid wages and overtime wages will be determined at trial. At a minimum, Plaintiff estimates that he worked at least 10 hours per week for which he was not paid overtime.

30. As a result of Defendant/Ahern's unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages in twice that amount, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

31. Defendant/Ahern's violations of the FLSA are willful and intentional because Defendant was aware of the FLSA's overtime provisions and that Plaintiff was not exempt, yet did not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

4

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendant/Ahern as follows:

a. An Order declaring that Defendant/Ahern violated the FLSA;

b. An Order declaring that Defendant/Ahern's FLSA violations were willful with respect to Plaintiff;

c. Judgment for Plaintiff against Defendant/Ahern for the overtime payments due Plaintiff for the hours worked without proper compensation as set forth in 29 U.S.C. § 216(b);

d. Liquidated damages against Defendant/Ahern as set forth in 29 U.S.C. § 216(b);

e. An order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendant/Ahern pursuant to 29 U.S.C. § 216(b); and

f. Any and all other relief the Court deems just and proper.

DATED this 28th day of April, 2020.

SHIELDS PETITTI, PLC

By /s/ James Burr Shields
James Burr Shields
Paige C. Pataky
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Attorneys for Plaintiff Ruben Gutierrez